O'CONNELL, Respondent, vs. OLD LINE LIFE INSURANCE
COMPANY OF AMERICA, Appellant.

*February 16—May 17, 1938.*

For the appellant there were briefs by *Olwell & Brady* and *George A. Gessner,* all of Milwaukee, attorneys, and *W. G. Haddow* of Ellsworth of counsel, and oral argument by *Mr. Gessner.*

*Irwin E. Magee* of Ellsworth, for the respondent.

The following opinion was filed March 15, 1938:

FAIRCHILD, J. Assuming that there was originally on defendant's part a want of the care and attention required by the circumstance of leaving smoldering material in the old cellar where the burning of the waste had been done, subsequent events had ended the relation of time, place, and persons which might have existed earlier when the fire was capable of damaging plaintiff's property. There had been a fire on defendant's premises. The fire had not burned out, but before leaving, and about 6 o'clock, the defendant's employees threw water on the smoldering embers. About 9 o'clock that evening, plaintiff and a neighbor living near with whom he was visiting noticed some flames flaring up from the pile of ashes. The wind had changed so as to move the smoke and sparks in the direction of plaintiff's property. He was prompted to take precautions against the possible spreading of fire, and carried out his protective measures by pouring water on the grass, some lumber piled near the fence, and wetting the roof of his house. There was no fire on plaintiff's land, nor was he hurt during any period of excitement when circumstances flowing from defendant's act might have constituted an emergency. In

fact, there does not appear to have existed any emergency, and certainly a considerable period of time must have intervened between the presence of anything that might have approached an emergency and the time of the plaintiff's fall as described in the statement of facts. After any danger of fire that might have existed had passed, and about 2 or 3 a. m., the plaintiff, while walking on defendant's premises, tripped and fell. The plaintiff's own conduct, free in the legal sense from any relationship arising from the tort of defendant, intervening, the injurious consequences of the fall must be deemed too remote to constitute the basis of a cause of action against defendant.

The trial court reduced the damages which the jury allowed on the theory that the hernia was not shown to be the result of any act which could be charged to the defendant, and that the liability of the defendant arose from creating circumstances which resulted in aggravating an already existing condition. We are of the opinion that the defendant's leaving the fire unattended, while causing the plaintiff some anxiety, was not a proximate cause of the injury he sustained.

*By the Court.*—Order reversed, and cause remanded with directions to dismiss plaintiff's complaint.

A motion for a rehearing was denied, with $25 costs, on May 17, 1938.